UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

LUCAS PIERCE,

                Petitioner,

         -v.-                                9:06-CV-0738
                                                      (NAM)(DEP)
N.Y.S.D.O.C.S.,

                Respondent.
_____

APPEARANCES:

LUCAS PIERCE
04-B-1486
Auburn Correctional Facility
Post Office Box 618
Auburn, New York 13021
Petitioner, *pro se*

**NORMAN A. MORDUE, Chief U.S. District Judge**

## ORDER

**I.     BACKGROUND.**

Presently before the Court is an amended Habeas Corpus Petition filed by Lucas Pierce ("petitioner" or "Pierce") pursuant to 28 U.S.C. § 2254.  Dkt. No. 8.  Pierce filed the amended petition in accordance with this court's order dated July 27, 2006.  Dkt. No. 5.

In his original petition, Pierce sought to challenge his May 14, 2004, conviction in Tioga County Court wherein he entered a plea of guilty to attempted burglary.

The court's July order noted that petitioner did not indicate that he appealed his conviction or pursued any other challenge to his conviction or sentence in the state courts, and it directed petitioner to provide additional information to the court regarding the exhaustion of his claims.  Pierce's amended petition reveals that he did not pursue any appeals, or seek any other post-conviction relief, from his May 14, 2004, conviction.

## II.     DISCUSSION.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides that federal habeas petitions challenging a judgment of a State Court are subject to a one year statute of limitations. Specifically, 28 U.S.C. § 2244(d) reads:

> (1) A one year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State Court. The limitation period shall run from the latest of --
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

A judgment of conviction becomes final under the AEDPA at the conclusion of the ninety days during which the party could have sought certiorari in the United States Supreme Court. *Hughes v. Irvin*, 967 F.Supp. 775, 778 (E.D.N.Y. 1997) (citing Rule 13 of Rules of the Supreme Court of the United States); *Allen v. Hardy*, 478 U.S. 255, 258 n. 1 (1986) (decision becomes final "where the availability of appeal [is] exhausted, and the time for petition for certiorari ha[s] elapsed."). Thus, Pierce's conviction became final on or about August 12, 2004, and his one year statute of limitations began to run on that date. The

one year statute of limitations expired on or about August 12, 2005.  The petition in this action was dated May 22, 2006, and was filed with the Court on May 24, 2006.[1]  Thus, at the time the petition was dated, petitioner's statute of limitations for bringing this action had already expired.  Consequently, the present petition is time-barred under the AEDPA and must be dismissed.

WHEREFORE, it is hereby

ORDERED, that this action is DISMISSED, and it is further

ORDERED, that the Clerk serve a copy of this Order on the Petitioner by **certified** mail.

IT IS SO ORDERED.

DATE:  November 14, 2006

Norman A. Mordue
Chief United States District Court Judge

---

[1] This is the date the action was filed in the Western District of New York.  *See* Docket No. 4.  The Western District of New York subsequently transferred the action to this Court, in which it was filed on June 14, 2006.